Appellant Louis R. Karl appeals from his conviction in the Barberton Municipal Court. We affirm.
On August 11, 1997, a complaint against Karl was filed in the Barberton Municipal Court. The complaint alleged that on August 8, 1997, Karl operated a motor vehicle while under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.19(A)(1); operated a motor vehicle with a prohibited breath alcohol content, in violation of R.C. 4511.19(A)(3); and failed to control his vehicle, in violation of R.C. 4511.202. Apparently, Karl was driving on a four lane road just before midnight, when his car left the road and collided with a utility pole. At some point after the accident, a deputy of the Summit County Sheriff's Department arrived at the scene and concluded that Karl was intoxicated. Later, a breathalyzer test was administered to Karl. The test result was .207, in excess of the legal limit of .10.
Karl pleaded not guilty to the charges. On January 9, 1998, Karl moved to suppress the results of the breathalyzer test. On May 12, 1998, the trial court denied Karl's motion.
On May 19, 1998, Karl pleaded no contest to the prohibited breath alcohol content charge, and the remaining charges were dismissed. The trial court sentenced Karl accordingly. Karl appeals, assigning one error.
Karl's assignment of error states:
 THE TRIAL COURT ERRED IN OVERRULING A MOTION TO SUPPRESS THE RESULTS OF A BREATH TEST IN THE PROSECUTION OF A CHARGE OF DUI/BAC WHERE THE ADMINISTRATIVE REGULATIONS RELATIVE TO THE ADMISSIBILITY OF SAME RESULT IN INHERENT UNRELIABILITY OF THE TEST RESULTS.
Karl argues that the trial court should have granted his motion to suppress. Karl contends that the result of the breathalyzer test was inherently unreliable, because the procedures outlined in the relevant provisions of the Ohio Administrative Code do not produce reliable results.
We find no merit to Karl's contentions. Karl attacks the reliability of his breath test based on the outcome of other cases in other Ohio trial courts, most notably the Marietta Municipal Court. In those other cases, Dr. Carl Sutheimer, Deputy Director of the Ohio Department of Health, testified that in his opinion there was insufficient sampling of five batches of the alcohol solution that is used to calibrate breathalyzer machines. There is no evidence in the record before us that the alcohol batch used to calibrate the breathalyzer used on Karl was one of the five batches involved in those other cases. Karl does not point to any evidence in his specific case that would bring his breathalyzer test results into question. A facial attack, based on the outcome of other unrelated cases, will not suffice.
Karl's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Barberton Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J.
CARR, J.
CONCUR